UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Vincent J. Ertl, | Case No. 21-cv-1493 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Archer-Daniels-Midland Company, | |
| Defendant. | |

---

Before the Court is Defendant Archer-Daniels-Midland Company's (ADM) motion to dismiss Plaintiff Vincent J. Ertl's complaint for failure to state a claim. (Dkt. 6.) For the reasons addressed below, ADM's motion to dismiss is granted in part and denied in part.

**BACKGROUND**

Ertl is a 66-year-old resident of Minnesota who worked at ADM and its predecessor company from 1995 until June 2020. ADM is a Delaware corporation, headquartered in Illinois, that operates a corn processing plant in Minnesota.

Ertl alleges that ADM discriminated against him based on disability and age. After Ertl underwent eye surgery in 2017, Ertl sought an accommodation, namely, to have his phone in his possession at work. Ertl's supervisor denied the request. Ertl lost eyesight in his right eye at some point after the surgery, which made it difficult for him to perform his job duties. Ertl subsequently sought a second accommodation from his supervisor. Ertl alleges that his supervisor failed to engage in an interactive process to find a reasonable

accommodation for his disability. According to Ertl, ADM's employees treated him differently after his eye surgery and held him to a higher standard than other employees. Ertl also alleges that he was called an "old timer" by ADM employees and supervisors and that ADM "viewed him as too old for the job."

ADM terminated Ertl's employment in June 2020. Ertl alleges that he was terminated because of his age and disability under the pretext of job performance deficiencies. Ertl alleges that ADM "knew it would have a larger profit margin by involuntarily terminating [Ertl's] employment, since [Ertl] earned a higher wage" based on his age and seniority.

Ertl commenced this action in June 2021, advancing four claims to relief. Counts I and III allege that ADM failed to accommodate Ertl's disability and wrongfully terminated him based on his disability, in violation of the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.08, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq*. Counts II and IV allege that ADM wrongfully terminated Ertl based on his age, in violation of the MHRA and the Age Discrimination in Employment Act (ADEA), 42 U.S.C. §§ 401 *et seq*. ADM moves to dismiss Ertl's complaint for failure to state a claim on which relief can be granted.

## ANALYSIS

A complaint must be dismissed if it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, the complaint must allege sufficient facts that, when accepted as true, state a facially

2

plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether the complaint states such a claim, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff, however, must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions that are couched as factual allegations may be disregarded by the district court. *See Iqbal*, 556 U.S. at 678–79.

Ertl alleges disability and age discrimination under the MHRA, ADA and ADEA. Courts analyze alleged violations of the MHRA, ADA and ADEA under the same legal standard. *Ace Elec. Contractors, Inc. v. Int'l Bhd. of Elec. Workers, Loc. Union No. 292*, 414 F.3d 896, 900 (8th Cir. 2005); *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). In an employment-discrimination action, a plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss because "the prima facie model is an evidentiary, not a pleading, standard." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (internal quotation marks omitted). But the elements of a prima facie case are "still part of the background against which a plausibility determination should be made." *Cook v. George's, Inc.*, 952 F.3d 935, 939 (8th Cir. 2020) (internal quotation marks omitted). "While a plaintiff need not set forth detailed factual allegations or specific facts

that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Blomker*, 831 F.3d at 1056 (internal quotation marks and emphasis omitted). The Court addresses Ertl's disability-discrimination claims and age-discrimination claims in turn.[1]

## I. Disability-Discrimination Claims (Counts I and III)

Ertl alleges that ADM discriminated against him on the basis of his disability by terminating his employment and by failing to provide him with reasonable accommodations. The Court addresses each allegation in turn.

### A. Employment Termination

To establish a prima facie case of discrimination based on disability, Ertl must show that he (1) was disabled within the meaning of the MHRA and the ADA, (2) was qualified to perform the essential functions of the job with or without reasonable accommodation, and (3) suffered an adverse employment action because of his disability. *Kammueller*, 383 F.3d at 784 (MHRA); *Mole v. Buckhorn Rubber Prods., Inc.*, 165 F.3d 1212, 1216 (8th

---

[1] ADM argues that Ertl's federal claims are barred because Ertl failed to exhaust his administrative remedies. Receipt of a right-to-sue notice from the United States Equal Employment Opportunity Commission (EEOC) is a condition precedent to filing an employment-discrimination claim. 29 U.S.C. § 626(d) (ADEA); 42 U.S.C. § 12117 (applying the exhaustion requirement listed in 42 U.S.C. § 2000e-5(e) to ADA claims). Although Ertl's complaint does not address whether Ertl filed a charge with the EEOC, the Court may not dismiss Ertl's federal claims on this basis because failure to exhaust is an affirmative defense that ADM must prove. *See Miles v. Bellfontaine Habilation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007) (observing that "failure to exhaust administrative remedies is an affirmative defense that a defendant must prove"); *Whitney v. Franklin Gen. Hosp.*, 995 F. Supp. 2d 917, 930 (N.D. Iowa 2014) ("Dismissal of a claim on the basis of . . . an affirmative defense ordinarily is not proper.").

Cir. 1999) (ADA).  Under the MHRA, a disability is a "physical, sensory, or mental impairment which materially limits one or more major life activities."  Minn. Stat. § 363A.03, subdiv. 12.  Under the ADA, a disability is "a physical or mental impairment that substantially limits one or more major life activities," including "seeing."  42 U.S.C. §§ 12102(1)(A), (2)(A).  Ertl alleges that he lost eyesight in his right eye.  As such, Ertl has sufficiently alleged that he is disabled under both the MHRA and the ADA.  *See Fahey v. Twin City Fan Cos.*, 994 F. Supp. 2d 1064, 1071 (D.S.D. 2014) (finding that plaintiff with blindness in one eye is a disabled person).

To make a prima facie showing that he was qualified for the job, Ertl must demonstrate that "he meets the essential prerequisites for the job, such as basic education, experience and training, and that he can perform the essential functions of the job with or without a reasonable accommodation."  *Kammueller*, 383 F.3d at 786; *accord Fenney v. Dakota, Minn. & E. R.R. Co.*, 327 F.3d 707, 712 (8th Cir. 2003).  If Ertl requires an accommodation, he must show that an accommodation is possible and that the accommodation would permit him to perform the essential functions of his job.  *Kammueller*, 383 F.3d at 786.  Ertl alleges that he worked at the same job for more than 25 years and "had generally good job performance reviews."  Based on this work history, Ertl has sufficiently alleged that he possessed the requisite basic education, experience and training for the position.  Ertl also alleges that "he began having trouble reading the small print on some of the measuring instruments and on some of the labels he needed to review for his job."  It is unclear from the complaint whether his "trouble" reading small print

5

rendered him unable to perform his essential job functions.[2]  Ertl also alleges that he requested an accommodation, but he does not allege what the requested accommodation was or whether it was possible.  Drawing all reasonable inferences in Ertl's favor, however, he has sufficiently alleged that he was a qualified individual under the MHRA and the ADA.

To state a claim for discriminatory termination, Ertl also must allege that he was terminated because of his disability.  *Id.* at 788.  Ertl alleges that ADM terminated his employment because of his disability, but he alleges no facts that directly or inferentially support this conclusion.  Absent additional allegations, Ertl's claims are merely conclusory.  Therefore, Ertl has not sufficiently alleged that he suffered an adverse employment action.  Although a plaintiff in an employment discrimination action need not plead a prima facie claim of discrimination to survive a motion to dismiss, the elements of a successful claim are "still part of the background against which a plausibility determination should be made."  *Cook*, 952 F.3d at 939 (internal quotation marks omitted).  Because Ertl has alleged no facts in support of the central aspect of his claim—that ADM terminated his employment *because of* Ertl's disability—Ertl fails to state a claim for discriminatory termination on the basis of disability as alleged in Count I and Count III of the complaint.

---

[2]  In Ertl's response to ADM's motion to dismiss, Ertl argues that he "was able to perform the essential functions of his job."  But "it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (internal quotation marks omitted).

### B. Failure to Accommodate

ADM argues that Ertl's disability-discrimination claim based on failure-to-accommodate allegations is time-barred. Ertl alleges that he made two requests for accommodations: one in 2017 and one on an unspecified later date.

#### 1. Failure to Accommodate Under the MHRA

The MHRA requires a civil action to be filed "within one year after the occurrence of the practice." Minn. Stat. § 363A.28, subdiv. 3(a). ADM argues that Ertl's failure-to-accommodate allegations are time-barred because Ertl made his requests for reasonable accommodations first in 2017 and then at some later unspecified time "thereafter." In his response to ADM's motion to dismiss, Ertl argues that his complaint alleged "an ongoing failure to accommodate" and argues for the first time that he made reasonable-accommodations requests in 2018, 2019 and 2020. Ertl also argues that his "termination triggers the timing" for his failure-to-accommodate claims as opposed to the date of the reasonable accommodation requests.

An employer's failure to accommodate is a discrete act of discrimination. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1059 (8th Cir. 2016). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). ADM terminated Ertl's employment on or about June 5, 2020, and Ertl commenced this action in state court on June 4, 2021. *See* Minn. R. Civ. P. 3.01 (providing that a civil action is commenced against a defendant "when the summons is served upon that defendant"). Ertl

7

alleges that he made two requests for a reasonable accommodation: one in 2017 and one at an unspecified later date before his employment was terminated on June 5, 2020. Because a failure to accommodate is a discrete act of discrimination, Ertl is time-barred from bringing a failure-to-accommodate claim for any request denied before June 4, 2020, under the MHRA. *See Dick*, 826 F.3d at 1059. Therefore, Ertl's 2017 reasonable-accommodation request clearly is time-barred.

Ertl also alleges that, on an unspecified later date, he "requested assistance or accommodations" for his difficulty reading small print, but that his requests "were ignored." It is possible, though implausible, that this reasonable-accommodation request could have occurred on one of Ertl's final two days of employment and, therefore, would not be time-barred.[3] However, for the reasons addressed below in Part I.B.2. of this Order, Ertl has not alleged facts that state a plausible failure-to-accommodate claim based on this alleged request.

Accordingly, Ertl has not alleged a timely failure-to-accommodate claim under the MHRA as alleged in Count I of the complaint.

### 2. Failure to Accommodate Under the ADA

Under the ADA, a prospective plaintiff must first file a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) before commencing an action in federal court. 29 U.S.C. § 626(d) (ADEA); 42 U.S.C. § 12117

---

[3] During the November 9, 2021 hearing on ADM's motion to dismiss, Ertl's counsel represented that Ertl did not request an accommodation during the last two days of his employment, conceding that the request was untimely.

(applying the exhaustion requirement listed in 42 U.S.C. 2000e-5(e) to ADA claims). A plaintiff suing under the ADA has 300 days to file a charge with the EEOC. 42 U.S.C. § 12117; 42 U.S.C. 2000e-5(e). The complaint does not address whether Ertl filed a charge with the EEOC. But, as addressed above, failure to exhaust administrative remedies is an affirmative defense that a defendant must prove. Accordingly, the Court cannot dismiss Ertl's reasonable-accommodation claim as untimely under the ADA.[4]

ADM argues in the alternative that Ertl has not sufficiently pled a failure-to-accommodate claim. Under the ADA, "an employer must reasonably accommodate an employee's disability and engage in an interactive process to identify potential accommodations that could overcome [the employee's] limitations." *Burchett v. Target Corp.*, 340 F.3d 510, 517 (8th Cir. 2003). To establish that an employer failed to participate in the interactive process, a plaintiff must demonstrate that (1) the employer knew about the employee's disability, (2) the employee requested accommodations or assistance for the employee's disability, (3) the employer did not make a good-faith effort to assist the employee in finding an accommodation, and (4) the employee could have been reasonably

---

[4] Although failure to exhaust administrative remedies is an affirmative defense, receipt of a right-to-sue notice from the EEOC is a condition precedent to filing an employment-discrimination claim. *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005); *Jones v. Am. State Bank*, 857 F.2d 494, 499–500 (8th Cir. 1988). Because ADM terminated Ertl's employment on June 5, 2020, Ertl was required to file a charge with the EEOC by April 1, 2021, 300 days after the date of his termination, to satisfy the exhaustion requirement. 42 U.S.C. § 12117; 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d). If Ertl cannot establish that he filed a charge with the EEOC before that date and received a right-to-sue notice, his federal claims cannot succeed.

accommodated but for the employer's lack of good faith. *Peyton v. Fred's Stores of Ark., Inc.*, 561 F.3d 900, 902 (8th Cir. 2009).

Ertl alleges that, after undergoing eye surgery in 2017, he requested permission from his supervisor to have his phone in his possession at work so that he could quickly reach his doctor if a complication arose. His supervisor denied the request. Ertl also alleges that one of his coworkers was permitted to have his phone in his possession at work, which suggests that ADM could have reasonably provided such an accommodation. Ertl has plausibly alleged facts demonstrating that his supervisor was aware of his disability, that Ertl requested a reasonable accommodation, and that the employer did not make a good-faith effort to assist Ertl even though Ertl could have been reasonably accommodated. Accordingly, Ertl has stated a claim for disability discrimination under the ADA based on ADM's 2017 failure to accommodate.

Ertl also alleges that, on an unspecified later date, he "requested assistance or accommodations" for his difficulty reading small print, but that his requests "were ignored." Ertl alleges that, "[t]hrough acts and omissions of supervisor Jorgenson, Defendant failed to engage in an interactive process with Plaintiff to determine whether or how his accommodation requests could be met, and simply refused to deal with it." Ertl alleges that he made ADM aware of his trouble reading, requested accommodations, and that ADM ignored his request. But Ertl has not alleged facts demonstrating that he could have been reasonably accommodated but for ADM's lack of good faith. The complaint does not allege when this request was made, how or to whom it was conveyed, or the nature

10

of the accommodation requested. Because Ertl has not sufficiently alleged that he could have been reasonably accommodated as to his difficulty reading small print, he has failed to state a failure-to-accommodate claim based on this request under the ADA.

In summary, ADM's motion to dismiss Ertl's MHRA disability-discrimination claim, as alleged in Count I of the complaint, is granted. ADM's motion to dismiss Ertl's ADA disability-discrimination claim based on ADM's alleged 2017 failure to accommodate, as alleged in Count III of the complaint, is denied.

## II. Age-Discrimination Claims (Count II and IV)

ADM argues that Ertl fails to plead sufficient facts to support a claim of age discrimination under both the ADEA and the MHRA.

The ADEA prohibits employers from discriminating against employees on the basis of age if the employee is at least 40 years old. 29 U.S.C. §§ 623(a), 631(a). The MHRA "forbid[s] an employer from taking adverse employment actions against an employee because of his age." *Carraher v. Target Corp.*, 503 F.3d 714, 716 (8th Cir. 2007) (citing 29 U.S.C. § 623(a)(1) and Minn. Stat. § 363.03, subdiv. 2). "To establish a claim of intentional age discrimination, a plaintiff may present direct evidence of such discrimination or may prove his claim through circumstantial evidence." *Aulick v. Skybridge Americas, Inc.*, 860 F.3d 613, 620 (8th Cir. 2017) (quoting *Carraher*, 503 F.3d at 716). Direct evidence is evidence that provides a direct link between the alleged discriminatory animus and the challenged employment decision. *Id.*

In support of his age-discrimination claim, Ertl alleges that ADM's "employees and supervisors" called him "names such as 'old timer.'" But Ertl neither alleges who made the remark nor when the remark was made, and therefore has not alleged facts sufficient to establish a link between the "old timer" comment and ADM's termination of Ertl's employment. Ertl also alleges that ADM "knew it would have a larger profit margin by involuntarily terminating [Ertl's] employment, since [Ertl] earned a higher wage." But "employment decisions motivated by factors other than age (such as salary, seniority, or retirement eligibility), even when such factors correlate with age, do not constitute age discrimination." *E.E.O.C. v. McDonnell Douglas Corp.*, 191 F.3d 948, 952 (8th Cir. 1999). Ertl cannot state a claim for age discrimination based on his speculation about ADM's motives. Accordingly, Ertl has not established direct evidence of discrimination.

When a plaintiff "does not show a specific link between the alleged discrimination and the adverse action, [courts] apply the burden-shifting analysis set forth in *McDonnell Douglas*." *Fitzgerald v. Action, Inc.*, 521 F.3d 867, 876 (8th Cir. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–04 (1973)). Under the *McDonnell Douglas* analysis, a plaintiff must first establish a prima facie case of unlawful employment discrimination. *Id.* To prove a prima facie case, Ertl would have to establish that (1) he was a member of a protected group, (2) he was qualified for his position, (3) his employment was terminated, and (4) the employment termination "occurred under circumstances giving rise to an inference of discrimination." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (internal quotation marks omitted).

Although the elements of a prima facie case of discrimination "are part of the background against which a plausibility determination should be made," a plaintiff in an employment discrimination action does not need to plead a prima facie case of discrimination at the pleading stage. *Blomker*, 831 F.3d at 1056 (internal quotation marks omitted).

Ertl alleges that he was 64 years old when ADM terminated his employment and that he worked for ADM for 25 years and had a positive employment history. Ertl also alleges that he was called "names such as 'old timer,' " that ADM employees "viewed him as too old for the job," and that ADM held him "to a higher standard" than other similarly situated employees. Ertl does not allege when these comments or insinuations were made, or by whom. Ertl alleges no facts suggesting a temporal connection between the comments and his termination. And the complaint does not allege facts demonstrating how ADM employees held Ertl to a higher standard. Therefore, Ertl has not alleged facts giving rise to a reasonable inference that ADM discriminated against Ertl based on his age.[5]

Although Ertl is not required to plead a prima facie case of discrimination at the pleading stage, the elements of a prima facie case are nonetheless "part of the background against which a plausibility determination should be made." *Blomker*, 831 F.3d at 1056

---

[5] The United States Court of Appeals for the Eighth Circuit has promulgated a more specific version of the prima facie case required to establish a claim for age discrimination under the ADEA. *See Starkey v. Amber Enters., Inc.*, 987 F.3d 758, 763–64 (8th Cir. 2021) ("To establish a prima facie case, a plaintiff must show [that] she (1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting [her] employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger." (internal quotation marks omitted)). Ertl also fails to state a prima facie case under this standard because his complaint does not allege that Ertl was replaced by someone substantially younger.

(internal quotation marks omitted).  Ertl has not plausibly alleged facts demonstrating that ADM discriminated against Ertl based on his age.

Accordingly, ADM's motion to dismiss Ertl's age-discrimination claims, as alleged in Counts II and IV of the complaint, is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Archer-Daniel-Midland Company's motion to dismiss, (Dkt. 6), is **GRANTED** as to Counts I, II and IV, and **DENIED** as to Count III.

Dated:  February 15, 2022                                     s/Wilhelmina M. Wright
                                                                                                      Wilhelmina M. Wright
                                                                                                       United States District Judge